[No. 12111. In Bank. —January 25, 1888.]

JOHN J. WEST, ADMINISTRATOR, ETC., OF IRWIN MC-FARLANE, DECEASED, APPELLANT, *v.* F. H. RUSSELL, ADMINISTRATOR, ETC., OF WILLIAM McCAIN, DECEASED, ET AL., RESPONDENTS.

ACCOUNTING — STATUTE OF LIMITATIONS — LACHES. — In February, 1852, one McCain entered into a contract in Pennsylvania with one McFarlane, whereby it was agreed that the former should go to the gold mines in California, engage there in business for a period of eighteen months, or longer, as might be arranged, and at the end of such time, and on his return to Pennsylvania, should give to McFarlane one half of what he might up to that time have made. The contract further provided that if McCain did not return, or died, McFarlane was to be entitled to one half, the same as if he had returned. In 1852, McCann came to California, but did not go to the mines. While there, he acquired certain property, which he owned at the time of his death, in February, 1885. The present action for an accounting was brought on the 1st of May, 1886. *Held,* by THORNTON, J., PATERSON, J., and SHARPSTEIN, J., that the action was barred by the statute of limitations, and by MCKINSTRY, J., and McFARLAND, J., that the plaintiff and his intestate had lost the right to an accounting by reason of their laches.

APPEAL from a judgment of the Superior Court of Sacramento County.

The action was brought by the administrator of the estate of one Irwin McFarlane, deceased, against the administrator of the estate, and the heirs of one William McCain, deceased, for an accounting of the property belonging to the estate of the latter, and for a judgment directing his administrator to deliver one half of such property to the plaintiff. The action was founded upon a contract made in the state of Pennsylvania on the 12th of February, 1852, the material portions of which are as follows: "Article of agreement entered into this twelfth day of February, 1852, between Irwin McFarlane of the first part, and William McCain of the second part, witnesseth: that said McFarlane agrees to give said McCain the sum of $275, and the receipt of which is hereby acknowledged, with which said McCain agrees to proceed to California, to the gold mines, and said McCain agrees to give said McFarlane one half of what he may make until his return; and if he does not return, or dies, said McFarlane shall be entitled to one half, the same as if he returned,—that is, one half clear of all his (McCain's) expenses; and the understanding between the parties is, that said McCain shall stay eighteen months, or until other arrangements are made, which arrangements may be made by letter." A demurrer to the complaint was sustained, and the plaintiff declining to amend, judgment was rendered in favor of the defendants. The further facts are stated in the opinion of Mr. Justice Thornton.

*Taylor & Holl*, for Appellant.

*Freeman, Johnson & Bates*, for Respondents.

THORNTON, J.—The demurrer in this case was properly sustained.

The contract on which the action is based was entered into in February, 1852. This suit was commenced on the 1st of May, 1886.

The intention of the contract was that the intestate of the defendant (one William McCain) should go from Pennsylvania (where the contract was made) to the gold mines in California, engage in business there, either of mining or some other employment, remain there eighteen months, or a longer period, as should be arranged by letter or otherwise, and at the end of such period, and on his (McCain's) return to Pennsylvania, to give McFarlane, plaintiff's intestate, one half of what he might up to that time have made; and if McCain did not return, or died, McFarlane was to be entitled to one half, the same as if he returned.

McCain came to California in 1852, but it does not appear by averment that he ever went to the mines at all; accumulated property, both real and personal, which he had at the time of his death, which occurred in Sacramento in February, 1885.

We think it would be giving an unjustifiable construction to the agreement to hold that McCain, who broke his agreement, and never did go to the mines, or engage in business in the mining regions, should be held to account to McFarlane for whatever he might make by his labor or industry, exerted elsewhere in California than in the mining regions.

Further, we are of opinion, it not appearing that the period of eighteen months was ever prolonged by agreement, within a reasonable time after the lapse of the period of eighteen months from his arrival in California, McFarlane had a right to call on him for an account, and not having done so, his right to proceed against McCain, under the agreement, has been long since barred by lapse of time.

Let it be conceded that McFarlane had a right, at any time during the years 1855 or 1856, to call on McCain to account. This would have given the former a reasonable time to demand an account of the latter, and upon refusal, to bring his action. The statute would

then have commenced to run on the 1st of January, 1857. McFarlane could not be allowed to extend the day on which the statute of limitations began to operate by his failure to call for an account. The statute thus commencing to run on the 1st of January, 1857, the period of four years (Code Civ. Proc., sec. 343), which barred the relief asked, had elapsed several times before the commencement of the action.

The judgment should be affirmed.

So ordered.

PATERSON, J., and SHARPSTEIN, J., concurred.

SEARLS, C. J., and TEMPLE, J., concurred in the judgment.

McKINSTRY, J., and McFARLAND, J., concurring.—We concur in the judgment, on the ground that the facts set forth in the complaint show such laches, on the part of plaintiff and his intestate, as justified the court below, as a court of equity, in refusing to entertain a suit for an accounting.