[Civ. No. 6622. Third Dist. Sept. 23, 1942.]

HOWARD AZEVEDO, as Administrator, etc., et al., Appellants, v. ANTONE AZEVEDO, JR., et al., Respondents.

Cross & Brandt for Appellants.

J. E. McCurdy and J. W. Coleberd for Respondents.

THE COURT.—This is an appeal from a judgment granting a nonsuit in an action seeking to compel an accounting under a written contract of sale.

The contract was entered into on February 8, 1926, between Antone V. Azevedo, party of the first part, and his two sons, defendants herein, as parties of the second part. Thereby Antone V. Azevedo agreed to sell and the sons agreed to buy certain farming and dairy machinery and equipment and certain cattle, horses, hogs, etc., situated on the ranches and premises occupied by the Azevedo family, together with an interest in leaseholds appertaining to certain of the premises. The contract provided:

"That the party of the first part hereby agrees to sell, and the parties of the second part hereby agree to buy all that certain personal property, farming and dairying equipment, . . . at and for the sum of Eighty Four hundred ($8400.00) dollars, lawful money of the United States of America, which said sum said parties of the second part *agree to pay on or before three (3) years after date,* it being particularly understood and agreed that said parties of the second part are to farm and dairy said ranches in a good and husbandlike manner, *and that all net profits made and received from the operation and conducting of the same are to be paid annually and on or before the first day of November of each year to said party of the first part and be applied on account of the purchase price of said personal property. . . .*

"It is further understood and agreed that the parties of the second part may and shall have immediate possession of said personal property and business, *but time is of the essence of this agreement in each and every particular,* and that this agreement shall bind and inure the heirs, executors, administrators, and assigns of the respective parties hereto.

"It is further understood and agreed that title to all of

said personal property shall remain in the party of the first part until he has been paid the full purchase price thereof, and that should it be to the interest of the parties hereto that some of said personal property, such as cattle and hogs, should be sold that the same may be sold, *but that the entire sale price thereof shall be paid to the party of the first part and apply on account of the balance due under this agreement."* (Emphasis ours.)

The complaint was filed on March 31, 1938, and is based upon the contract. It is alleged therein that after the making of the agreement Antone V. Azevedo assigned to his wife Anna Azevedo all of his right, title and interest in and to said agreement, and the personal property therein described, together with all moneys due or to become due by virtue of said agreement; that on July 4, 1937, Anna Azevedo died; that plaintiffs are the duly appointed, qualified and acting administrator and administratrix respectively of Anna Azevedo's estate; that in pursuance of the agreement the property mentioned therein was delivered to and accepted by the defendants on or about the date of the agreement, and that ever since they have been and now are in possession of the same except what they have sold; that defendants have realized net profits, and that they have sold various articles of property mentioned in the agreement and that they have received as net profits and for sales approximately $8,400; that out of this sum they have paid only $2,765 on account of the contract; that a demand has been made on them for an accounting, which they have refused to make. It is prayed that defendants be ordered to account to plaintiffs for net profits and receipts from sales and pay over to plaintiffs sufficient to pay the balance due on the purchase price, together with interest. No recovery of any of the property is sought.

Defendants in their answer admitted the execution of the agreement, the death of Anna Azevedo and the appointment and qualification of plaintiffs as administrator and administratrix respectively of her estate, the delivery to defendants by Antone V. Azevedo of the property mentioned in the agreement, the demand for the accounting, and that they had refused to render the same. The remaining allegations of the complaint were denied and defendants set up the statute of limitations as a special defense, alleging that the action was barred by subdivision 1 of section 337, by sub-

division 4 of section 338, by subdivision 1 of section 339 and by the provisions of section 343, of the Code of Civil Procedure. In addition, laches was also pleaded.

At the trial plaintiffs produced evidence which disclosed that defendants had, commencing in February of 1926, and from time to time thereafter made sales of livestock and farm equipment; that moneys received by defendants as the result of such sales approximated something over $6,000, and that no accounting was ever rendered. There was some showing that within four years prior to the commencement of this action defendants had made sales of livestock and equipment and that the sum of $2,866.58 was received by them as the result of these latter sales. No records of any kind appear to have been kept by the defendants and it did not appear definitely that all sales made by them were of livestock and equipment received under the agreement.

At the close of plaintiffs' case, the trial court granted the motion for nonsuit upon the ground that plaintiffs had failed to prove sufficient facts to entitle them to a judgment, that the action was barred by the sections of the Code of Civil Procedure pleaded in the answer, and also by laches.

It is our opinion that the trial court did not err in granting the motion for a nonsuit. Plaintiffs' action was founded upon a written instrument. According to the terms thereof payment for the property sold was to be made on or before three years from the date thereof and time was agreed to be of the essence in every particular. Section 337, subdivision 1, *supra,* provides that an action upon any contract, obligation or liability founded upon an instrument in writing (with exceptions not pertinent here) must be commenced within four years. The contract in this case is dated February 8, 1926. It was to be performed within three years. Action upon it was therefore barred on and after February 8, 1933, over five years before the present action was begun. No circumstances are alleged in the complaint, nor have plaintiffs contended that anything existed between the parties to the agreement, which might be deemed to have tolled the statute prior to the running of the four-year period or to have revived the debt by any appropriate writing signed by the defendants. It is quite clear, therefore, that the provisions of the aforementioned section apply to bar any cause of action brought upon the written agreement, or any obligation or liability founded upon it.

In accordance with the provisions of the contract, net profits realized by defendants, if any, were to be paid each year to Antone V. Azevedo to be applied by him upon the principal debt; also, any amounts received from the sale of any of the property were to be paid to the vendor and also applied on account of the purchase price. While it is true that the vendor retained title to the property described in the agreement, nevertheless the vendees were authorized to dispose of same. The vendor could not have recovered possession of the property in the hands of the vendees nor any part of the purchase price, after suit on the contract was barred, and it follows, therefore, that after 1933 no recovery could be had for anything that the defendants received for sales of the chattels for the reason that payment of such proceeds was to be made only as payment on the purchase price under the contract. Net profits and the amounts received from sales of personal property were not due to the vendor except as payments on said contract price. Fraud is not alleged.

Appellants rely upon *Allsopp* v. *Joshua Hendy Machine Works,* 5 Cal. App. 228 [90 Pac. 39], but in that case the agreement between the parties was not a contract of sale, but one of agency—an agreement that goods should be turned over to defendant to be sold for plaintiff's account, accounting for the sales to be made to plaintiff as they were made by defendant. Defendant took possession of the property for that purpose only; it was the agent of plaintiff for the purpose of selling the property. No date was fixed by the agreement within which plaintiff was to be paid for the goods or the contract performed. The court there said that the statute would not begin to run until there was brought home to plaintiff knowledge of the repudiation of the trust or the violation of its terms on the part of defendant—that there was nothing to set the statute of limitations in motion until repudiation.

Such is not the case here where the contract was one of sale and payment of the amounts received for stock or equipment sold was to be made on account of the purchase price, all of which was to be paid within three years. There was something to set the statute of limitations in motion.

Appellants argue that there were two separate promises made by defendants in the contract, one to pay the purchase price within three years and the other to pay to the

vendor the proceeds of sales made by them. This, again, ignores the fact that defendants were vendees under a contract of sale and not the agents of the vendor, and that the proceeds of sales were payable to the vendor as installments of the purchase price. When action on the debt was barred recovery of installments was likewise barred.

██ It is also contended by appellants that their action is brought to enforce a voluntary trust, and that it is not barred because the statute of limitations would not begin to run until there had been a repudiation of that trust; but, contrary to the contention of plaintiffs, it is our opinion that whether any trust relationship did or did not exist between the parties before action on the contract was barred, nevertheless, after the statute of limitations had run and the vendor was by reason thereof barred from action to recover either the purchase price or the possession of the property, it ceased to be of any importance whether or not a trust relationship had existed between the parties, or the nature of such trust.

In view of the foregoing we deem it unnecessary to discuss the question of laches.

The judgment is affirmed.

Appellants' petition for a hearing by the Supreme Court was denied November 12, 1942.