[S. F. No. 20297.   In Bank.   Oct. 6, 1960.]

CARL E. JEFFERSON, Appellant, v. J. E. FRENCH
COMPANY et al., Respondents.

Lew M. Warden, Jr., for Appellant.

Robert D. Raven, Russell E. Teasdale and Morrison, Foerster, Holloway, Shuman & Clark for Respondents.

GIBSON, C. J.—A demurrer was sustained to plaintiff's complaint upon the ground that the action was barred by the statute of limitations, and the question is whether the applicable statute is section 339, subdivision 1, of the Code of Civil Procedure (two years for an action "upon a contract, obligation or liability not founded upon an instrument of writing") or section 343 (four years for an action as to which no other limitation is specified).

The complaint alleged that under an oral agreement plaintiff was employed as sales manager of defendants' automobile agency in August 1953 at a specified salary, payable monthly, plus 10 per cent of the profits, payable annually. He received all of his monthly salary payments, and he was also paid certain sums as his percentage of the profits for the years 1955, 1956, and 1957, but no payments were made to him on account of profits for 1953, 1954, and 1958. On February 2, 1959, he commenced this action alleging that there is a balance due him which can be ascertained only by an accounting, and the prayer of the complaint is for an accounting of the profits for 1953-1958 and for judgment in such amounts as are determined to be due. Plaintiff does not suggest any reason why the statute should not be regarded as commencing to run at the end of each of the years with respect to which he seeks profits. Before the entry of judgment plaintiff waived any claim to profits for the two-year period prior to the commencement of the action, and he has stipulated that the judgment should be affirmed if it is held that subdivision 1 of section 339 is the applicable statute.

Plaintiff argues that his action is essentially equitable in nature and that such actions are governed by the four-year limitation of section 343. But the primary purpose of the action is to recover money under the oral contract, and the nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations. (*Leeper* v. *Beltrami,* 53 Cal.2d 195, 213-214 [1 Cal.Rptr. 12, 347 P.2d 12]; *People* v. *Union Oil Co.,* 48

Cal.2d 476, 482-483 [310 P.2d 409]; *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062]; *Union Tool Co.* v. *Farmers etc. Nat. Bank,* 192 Cal. 40, 51 [218 P. 424, 28 A.L.R. 1417]; *Williams* v. *Southern Pacific R.R. Co.,* 150 Cal. 624, 628 [89 P. 599]; *Lord* v. *Morris,* 18 Cal. 482, 486 et seq.; *Reiner* v. *Hermann,* 79 Cal.App.2d 543, 544, 548 [180 P.2d 385]; *Pacific Nat. Bank* v. *Corona Nat. Bank,* 113 Cal.App. 366, 373 et seq. [298 P. 144].) The accounting is merely ancillary to the perfection of plaintiff's right under the oral contract, and that aspect of the action should not operate to avoid the effect of a statute prescribing a period of limitation with respect to the right basically in issue.

Our conclusion is supported by cases where an accounting was sought. *Bendien* v. *Solov,* 89 Cal.App.2d 904, 907-908 [202 P.2d 372], involved an oral agreement under which the plaintiffs furnished money to purchase and rehabilitate various parcels of land and, upon sale of the property, the defendant was to return plaintiffs' investment plus one-half of the profits realized. The court held that the two-year limitation of subdivision 1 of section 339 applied, stating that the action was one to recover the amount due for the breach of an oral contract and that the fact an accounting might be necessary was purely incidental to the main cause of action. In *Bell* v. *Bank of California,* 153 Cal. 234 [94 P. 889], a judgment sustaining a demurrer without leave to amend was affirmed where the complaint alleged that the defendant, to whom stock had been pledged as security for a loan, disposed of the stock and refused, on demand, to make an accounting. The court determined that the suit, if viewed as one for conversion, was barred by the statute of limitations applicable to such suits. In so concluding it stated that the prayer for an accounting made no difference in this respect, that the wrongful conversion was the gist of the action, and that the accounting was merely incidental to the main purpose of the suit. (153 Cal. at pp. 238-243.)

■ There are a number of decisions which hold, or contain language that might be construed to mean, that section 343 is the applicable statute of limitations if an accounting is involved, but none of them considers the problem in the light of the principle that the nature of the right sued upon should be determinative rather than matters of form and procedure. (See *McArthur* v. *Blaisdell,* 159 Cal. 604, 608 [115 P. 52]; *West* v. *Russell,* 74 Cal. 544, 546-547 [16 P. 392]; *Schaefer* v.

*Berinstein,* 180 Cal.App.2d 107, 132-133 [4 Cal.Rptr. 236]; *People* v. *Taliaferro,* 149 Cal.App.2d 822, 825 [309 P.2d 48]; *Austin* v. *Harry E. Jones, Inc.,* 30 Cal.App.2d 362, 368 [86 P.2d 379]; *Swan* v. *Smith,* 102 Cal.App. 541, 544 [283 P. 829]; *Freeman* v. *Donohoe,* 65 Cal.App. 65, 81-85 [223 P. 431]; *Allsopp* v. *Joshua Hendy Machine Works,* 5 Cal.App. 228, 234 [90 P. 39].) Moreover, in the earliest of the decisions, *West* v. *Russell,* 74 Cal. 544 [16 P. 392], as well as some of the others, the question whether section 343 applied was unimportant because written agreements were involved, as to which the applicable period of limitation would in any event have been four years under section 337, and this fact may explain the lack of careful consideration of the problem. Insofar as the decisions cited in this paragraph are contrary to the views we have expressed they are disapproved.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.