[Civ. No. 39777. Second Dist., Div. Four. Mar. 21, 1973.]

MAGDA MANOK et al., Plaintiffs and Appellants, v.
JACK FISHMAN et al., Defendants and Respondents.

## COUNSEL

Phelan & Proctor and William C. Leonard for Plaintiffs and Appellants.

Pryor & Benson and Maurice A. Benson for Defendants and Respondents.

## OPINION

**JEFFERSON, J.**—Plaintiffs Magda, John M. and Richard E. Manok brought an action for an accounting, for declaratory relief and breach of contract against the defendants Fishman, Kramer, and the California Computerized Financial Service, Inc. Defendant Kramer demurred to plaintiffs' first amended complaint, which omitted the breach of contract cause of action; the trial court sustained the demurrer without leave to amend. Plaintiffs have appealed the judgment (order) of dismissal.

 Our review of the judgment is governed by certain well established principles: the demurrer admits all material and issuable facts properly pleaded; contentions, deductions and conclusions of law will be disregarded. (*Daar* v. *Yellow Cab Co.*, 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].) If the allegations contained in the plaintiffs' complaint establish a cause of action against the defendant, the judgment will be reversed. Defendants' demurrer is based on the contention that the plaintiffs are barred from suit by the statute of limitations set forth in Code of Civil Procedure section 339, subdivision 1.

Plaintiffs allege that, on or about August 15, 1960, they formed a partnership with the defendants by oral agreement. The object of the partnership was to acquire and operate two businesses entitled credit bureaus. Plaintiffs paid $40,000 to the defendants; the defendants, including Kramer, were to contribute managerial skills to the partnership enterprise.

Plaintiffs further allege that, pursuant to the agreement, they were to have a 50 percent (50%) interest in the partnership, and were to take one-half of the net profits. Plaintiffs allege that it was contemplated that the agreement be reduced to writing; this was not done.

Plaintiffs' complaint sets forth that from the inception of the partnership, the defendants discussed partnership affairs with them, representing that no profits were being made, but that when profits were made the defendants would account to the plaintiffs.

Plaintiffs' complaint alleges that these representations were made to them through September 1968; despite plaintiffs' demand, no accounting was forthcoming. The exact date of the repudiation of the partnership is not alleged, although counsel seem to have assumed in their briefs that the time was September 1968.

Plaintiffs' second cause of action is one for declaratory relief, alleging that a controversy has arisen between the parties concerning plaintiffs' status as partners.

 Defendant Kramer relies on the application to the situation presented herein of Code of Civil Procedure section 339, subdivision 1, which provides that "an action upon a contract, obligation or liability not founded upon an instrument of writing" shall be commenced within two years from the time at which the action accrued. He contends that the plaintiffs' cause of action is based on an oral agreement, and must necessarily have accrued no later than September 1968, if not sooner, and that, since the plaintiffs did not file their action until December 1970, they are barred from suit.

Plaintiffs contend that the appropriate statute of limitations with respect to a suit for accounting is set forth in Code of Civil Procedure section 343, the "catch-all" statute, providing that "an action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." If their contention is correct, their cause is not barred.

The threshold question before us is when the plaintiffs' cause of action accrued. The general rule is that partners have no right to bring an action at law against one another until partnership affairs are wound up and the balance due between the members is agreed upon. Prior to that time, the only remedy available to a partner is in equity, seeking an accounting. (37 Cal.Jur.2d, § 77, p. 674.)

Corporations Code section 15022 (Uniform Partnership Act) specifies the circumstances whereby a partner's right to an accounting accrues: (1) wrongful exclusion of a partner from the business (2) when the right to an accounting is based on a contractual provision contained in the partnership agreement, or (3) when it is "just and reasonable" under the circumstances.

The plaintiffs herein have alleged that they were, in effect, wrongfully excluded from partnership affairs by the managing partners. We conclude that the repudiation of the alleged fiduciary relationship of the parties by the defendants was the time when plaintiffs' cause of action for an accounting accrued.

It was long the rule that the four-year period of limitation set forth in Code of Civil Procedure, section 343, is applicable to an action between partners for an accounting. (See *Freeman* v. *Donohoe*, 65 Cal.App. 65 [223 P. 431], an action between partners for an accounting.)

In *Jefferson* v. *J. E. French Co.*, 54 Cal.2d 717 [7 Cal.Rptr. 899, 355 P.2d 643], the court had before it an action upon an oral employment agreement, whereby the plaintiff was to receive a percentage of the defendant's profits. The complaint prayed for an accounting. In holding that the action was barred by the two-year statute applicable to oral contracts (Code Civ. Proc., § 339, subd. 1) the court said: "Plaintiff argues that his action is essentially equitable in nature and that such actions are governed by the four-year limitation of section 343. But the primary purpose of the action is to recover money under the oral contract, and the nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations. [Citations.] The accounting is merely ancillary to the perfection of plaintiff's right under the oral

contract, and that aspect of the action should not operate to avoid the effect of a statute prescribing a period of limitation with respect to the right basically in issue." The opinion went on to say: "There are a number of decisions which hold, or contain language that might be construed to mean, that section 343 is the applicable statute of limitations if an accounting is involved, but none of them considers the problem in the light of the principle that the nature of the right sued upon should be determinative rather than matters of form and procedure."

It then listed a number of decisions of the Supreme Court and the Court of Appeal, among them *"Freeman v. Donohoe,* 65 Cal.App. 65, 81-85," and concluded: "Insofar as the decisions cited in this paragraph are contrary to the views we have expressed they are disapproved."

It is most helpful to note that the Supreme Court's disapproval of *Freeman* is localized in pages 81 to 85 of that opinion. The discussion of the statute of limitations commences on page 79 of the *Freeman* opinion, where the court points out that an action for the settlement of partnership affairs is in substance " 'an action for the enforcement of a trust and for an accounting' " which historically had been brought in courts of equity, whose function included the enforcement of trusts. Pages 81 to 85 of the *Freeman* opinion include a discussion of some earlier cases which held section 343 applicable to actions on contracts where relief in the form of accounting was sought, contrary to the overruling decision in *Jefferson.* It was thus necessary for the Supreme Court to disapprove this part of the *Freeman* opinion "insofar as . . . contrary to the views" expressed in *Jefferson.*

The most significant part of the *Freeman* case is the order which the Supreme Court made when it denied a hearing in that case. That order, published in 65 Cal.App. at page 94, states: "THE COURT.—We do not approve that portion of the opinion of the district court of appeal herein which seems to hold that this action may be regarded as upon a contract, obligation, or liability founded upon an instrument in writing. We are satisfied with the conclusion of the district court of appeal to the effect that the statute of limitations applicable to the case at bar is the one prescribed in section 343 of the Code of Civil Procedure.

"The petition for transfer to and hearing by this court is denied."

Inasmuch as *Jefferson* disapproved only certain language appearing on pages 81-85 of *Freeman,* we must regard the language of the Supreme Court itself, appearing on page 94 as an authoritative statement of the present law.

In the case at bench, the original contract by which the partnership allegedly began is not the primary right sued upon. This action is based upon the alleged relationship of the parties, the carrying on of a jointly owned business, and the fiduciary duties which the law imposes upon such parties. "A partnership is an association of two or more persons to carry on as co-owners a business for profit." (Corp. Code, § 15006, subd. 1.) An express agreement between the parties may govern their relationship, but to the extent that their respective rights and duties are not spelled out in an express agreement, the law imposes obligations arising out of the nature of their fiduciary relationship. One of these is the duty to account, as provided in Corporations Code sections 15021 and 15022. This is the primary right which is the basis of the action here. The action, like that in *Freeman* v. *Donohoe,* cited *supra,* is not governed by the statute relating to actions on a contract, but by the four-year catchall statute provided in section 343.

An analogy is found in *Day* v. *Greene,* 59 Cal.2d 404 [29 Cal.Rptr. 785, 380 P.2d 385, 94 A.L.R.2d 802], which was an action to impose a constructive trust, by reason of the breach of a confidential relationship. The Supreme Court held that, since constructive fraud was the gravamen of the action, the three-year period prescribed in section 338, subdivision 4, of the Code of Civil Procedure was applicable. The opinion stated at page 411: "The fact that a breach of contract is involved is not decisive as to the applicable statute of limitations."

Plaintiffs also assert that they could state a cause of action for having been induced fraudulently to enter into a business arrangement with defendants, (see *Berg* v. *King-Cola, Inc.,* 227 Cal.App.2d 338 [38 Cal.Rptr. 655]) and that the trial court refused to give them an opportunity to make a further amendment of the complaint for that purpose. Since the action must go back to the trial court, plaintiffs should be given another opportunity to file an amended complaint.

The judgment is reversed with instructions to overrule the demurrer, and to give plaintiffs a reasonable opportunity to file an amended complaint if they so desire.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied April 5, 1973, and respondents' petition for a hearing by the Supreme Court was denied May 16, 1973.