In re: John Jay STROH, aka John J. Stroh aka John Stroh, Debtor,

John Jay Stroh, M.D.,
et al., Appellants,

v.

James Grant, M.D., Appellee.

No. 00–56555.
D.C. No. CV–99–11135–ABC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided April 30, 2002.

Before NOONAN and WARDLAW, Circuit Judges and SCHWARZER,* District Judge.

MEMORANDUM **

John Jay Stroh and the trustee of his bankruptcy estate, Carolyn A. Dye, appeal the district court's order affirming the bankruptcy court's grant of summary judgment. Appellants argue that the bankruptcy court erred in: (1) denying Stroh's motion to remand his civil suit against James Grant to the state court; (2) finding that Stroh's claims were time-barred; and (3) concluding that Stroh is judicially estopped from claiming the existence of a partnership between him and Grant. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and affirm.

* The Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

On September 1, 1998, Stroh sued Grant in the Superior Court of California, claiming Grant owed him money from an alleged partnership between them. After discovering that Stroh had filed for Chapter 7 bankruptcy on June 15, 1995, Grant removed the action to bankruptcy court. It awarded summary judgment in favor of Grant, finding that Stroh's partnership claims were barred by statutes of limitations, judicially estopped, and unsupported by evidence.

We review the district court's decision on appeal from the bankruptcy court de novo, applying the same standards of review to the bankruptcy court decision as the district court. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990).

I.   Denial of Motion to Remand

Appellants contend that the bankruptcy court erred in denying Stroh's motion to remand to the state court because (1) the bankruptcy court lacked jurisdiction over the suit due to the untimeliness of Grant's notice of removal; (2) the court should have abstained from the case in its discretion under 28 U.S.C. § 1334(c)(1); and (3) the court was required to abstain under 28 U.S.C. § 1334(c)(2).

We lack jurisdiction to review the first claim under 28 U.S.C. § 1452(b) because it is a challenge to the bankruptcy court's decision not to remand. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1009 n. 7 (9th Cir.1997). And, as a factual matter, the notice of removal was timely filed. Because Stroh's bankruptcy case had previously been closed, there was no bankruptcy case pending when the civil suit began. Thus, Grant's July 27, 1999 notice of removal, filed within ninety days

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as Ninth Circuit Rule 36–3 may provide.

of the bankruptcy court's reopening of the bankruptcy case on June 4, 1999, was timely. *See* Fed. R. Bankr.P. 9027(a)(2) (ninety-day period of removal applies if a civil action is pending when the bankruptcy case is commenced); *DeVore v. Marshack (In re Devore)*, 223 B.R. 193, 198 (B.A.P. 9th Cir.1998) ("[R]eopening a bankruptcy case puts the bankruptcy estate back into the process of administration and revives the original case.").

■ We lack jurisdiction to review the second claim because we cannot review the bankruptcy court's discretionary decision under § 1334(c)(1). 28 U.S.C. § 1334(d).

■ Appellants' third assertion fails because the bankruptcy court was not required to abstain under § 1334(c)(2). Because the case had been removed from state court to bankruptcy court, there was no parallel proceeding in favor of which the bankruptcy court could have abstained. *See Sec. Farms*, 124 F.3d at 1009 ("Abstention can exist only when there is a parallel proceeding in state court.").

## II. Statutes of Limitations

Appellants contend that the bankruptcy court erred in holding that the statutes of limitations in the California Code of Civil Procedure barred Stroh's actions for: (1) an accounting; (2) conversion; (3) fraud and fraudulent conveyance; and (4) common count. We agree that his claims were not time-barred.

California statutes of limitations govern because Stroh's claims are based on non-bankruptcy California law. 11 U.S.C. § 108(a). Stroh's complaint recites that all of his claims arose on or after September 15, 1995. Because each claim is governed by either a three- or four-year statute of limitations, the claims were all timely raised in Stroh's September 1998 suit. *See Manok v. Fishman*, 31 Cal.App.3d 208,

213, 107 Cal.Rptr. 266 (1973) (partnership-based accounting claim is governed by four-year "catchall" statute of limitations of Cal.Civ.Proc.Code § 343); *Strasberg v. Odyssey Group, Inc.*, 51 Cal.App.4th 906, 59 Cal.Rptr.2d 474, 478 (1996) (conversion claims governed by three-year limit in Cal. Civ.Proc.Code § 338(c)); Cal.Civ.Proc. Code § 338(d) (three-year limit for actions for fraud, which accrue once the aggrieved party discovers the fraud); *First Nationwide Sav. v. Perry*, 11 Cal.App.4th 1657, 1670, 15 Cal.Rptr.2d 173 (1992) (common count governed by three-year limit in § 338(d)).

## III. Judicial Estoppel

■ The bankruptcy court did not abuse its discretion in determining that Stroh's claims were barred by the doctrine of judicial estoppel. *See United States v. Ruiz*, 73 F.3d 949, 953 (9th Cir.1996) (reviewing decision whether to invoke judicial estoppel for an abuse of discretion).

■ In determining whether to apply judicial estoppel, a court may consider (1) whether the party's later position was inconsistent with its initial position; (2) whether the party successfully persuaded the court to accept its earlier position; and (3) whether the party would derive an unfair advantage or impose an unfair detriment on opposing party if not estopped from asserting the inconsistent position. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir.2001) (citing *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).

All three elements are present here. First, Stroh's later claim of a partnership is inconsistent with his bankruptcy schedule, in which he specifically declared that he had no partnership interests. *See Hamilton*, 270 F.3d at 783 (debtor is judicially estopped from asserting a cause of action not raised in his schedules or disclosure statements); *id.* at 785 (Bankruptcy

Code and Rules " 'impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*' "). Second, the bankruptcy court had accepted Stroh's earlier position on October 4, 1995, when it closed Stroh's bankruptcy case as a no-asset case. *Cf. id.* at 784 (bankruptcy court "accepted" debtor's prior assertion when it discharged his debts, even though the discharge was later vacated). Third, regardless of whether Stroh would now benefit from his lawsuit against Grant, Stroh derived an unfair advantage when he deceived the bankruptcy court into closing his case. *See id.* at 785 (debtor derived unfair advantage from the automatic stay and discharge of his debt). Thus, the bankruptcy court's application of judicial estoppel was necessary to preserve the integrity of the bankruptcy process. *See id.*

The doctrine of judicial estoppel bars Stroh's claims for either prepetition or postpetition partnership earnings. *See Brassfield v. Jack McLendon Furniture, Inc.*, 953 F.Supp. 1424, 1432 (M.D.Ala. 1996) (Two estates are created in an individual Chapter 7 case: the prepetition bankruptcy estate and the postpetition estate.); 11 U.S.C. § 541(a)(6) (debtor's earnings after the commencement of bankruptcy case treated differently than those received before). Stroh alleges only one partnership, which began before his bankruptcy petition of June 15, 1995 and continued until September. Because Stroh earlier represented under oath that he had no interest in a partnership, he is now estopped from claiming *any* earnings from that same alleged partnership, whether pre- or postpetition.

AFFIRMED.

SCHWARZER, Senior District Judge, Concurring.

I concur. I write separately because this is a close case. A good argument could be made for rejecting application of judicial estoppel because it is not apparent to me how Stroh, having conceded the trustee's claim to proceeds from the lawsuit, received an unfair advantage from his failure to list the partnership interest on his bankruptcy schedule; indeed, applying judicial estoppel here hurts creditors while helping nobody. However, judicial estoppel serves the broader purpose of "protect[ing] the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Because our review is for abuse of discretion, *United States ex rel. Sequoia Orange Co. v. Baird–Neece Packing Corp.*, 151 F.3d 1139, 1147 (9th Cir.1998), I could not say that application of the doctrine was an abuse of the bankruptcy court's discretion.