Anahit ABEDI, aka Ana Abedi dba Argan Company, Plaintiff–Appellant,

v.

KOBO PRODUCTS, INC., a New Jersey Corporation; David Schlossman, an individual; Does 1 Through 25, inclusive, Defendants–Appellees.

No. 01–56013.

D.C. No. CV–00–00498–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided July 22, 2002.

Before LAY,* CANBY, and PAEZ, Circuit Judges.

## MEMORANDUM **

Anahit Abedi ("Abedi") became a sales representative for Kobo Products, Inc. ("Kobo"), a manufacturer and distributor of raw materials for cosmetics, in late 1994 or early 1995. The business relationship ended in July of 1998 upon notice supplied by David Schlossman ("Schlossman"), President of Kobo.

In December of 1994, Abedi and Schlossman met in New York to discuss the formation of a contract. No written contract was ever entered into because of the parties' disagreement over terms. On February 23, 1996, Schlossman transmitted to Abedi a commission schedule, which Abedi again stated was not reflective of the agreement reached. Abedi was paid commissions in accord with the commission schedule; the payments were made February 23, 1996; April 23, 1996; May 31, 1996; July 17, 1996; August 1, 1996; and October 2, 1996. On October 2, 1996, Abedi questioned Schlossman about the commission checks. In addition, Abedi alleges that in 1997 Schlossman promised he would reimburse her for commissions arising out of sales to Utah NuSkin if she

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

could prove that she developed the account for Kobo.

On December 29, 1999, Abedi filed a complaint in California state court setting forth four claims: (1) breach of oral contract, (2) fraud, (3) negligent misrepresentation, and (4) breach of implied covenant of good faith and fair dealing. The defendants, thereafter, removed the action to federal district court on the basis of diversity of citizenship of the parties.

In March of 2001, defendants filed a motion for summary judgment arguing that the action was barred by the applicable statute of limitations and no triable issues of material fact exist as to two claims of Abedi: (1) that good cause was required to terminate her business relationship, and (2) that Kobo's customers belonged to Abedi. The district court granted summary judgment in part and denied the motion in part.[1] Abedi filed a motion for reconsideration. Upon reconsidering the motion, the court found the termination claim was not barred by the statute of limitations, but failed because of Abedi's inability to adduce sufficient evidence demonstrating that the parties had come to an agreement on the termination clause. The court also found all of the remaining claims for commissions were barred by the statute of limitations. Abedi appeals.

*I. Commissions*

■ A federal court exercising diversity jurisdiction over state law claims applies the state's statute of limitations provision. *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir.1992). Abedi's claims for breach of oral contract, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing are subject to a two-year statute of limitations. Cal.Civ.Proc.Code § 339(1) (West 2001); *Smyth v. USAA Prop. & Cas. Ins. Co.*, 5 Cal.App.4th 1470, 7 Cal.Rptr.2d 694, 697–98 (Cal.Ct.App.1992); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1292 (9th Cir.1987); *Jefferson v. J.E. French Co.*, 54 Cal.2d 717, 7 Cal.Rptr. 899, 355 P.2d 643, 644 (Cal.1960). Abedi's claim for fraud is subject to a three-year statute of limitations. Cal.Civ.Proc.Code § 338(d) (West 2001).

The district court found that Abedi "at least suspected as early as 1996 that someone had 'done something wrong' and that Defendant could potentially be in breach of the oral contract by failing to pay commissions under the agreement." *Abedi v. Kobo Products, Inc.*, No. CV–00–00498, slip op. at 6 (C.D. Cal. April 2, 2001). In a footnote, the district court also stated that "[t]he statute of limitations began to run the date she was supposed to receive the commissions due but did not-October 1996." *Id.* at 7 n. 3. On the basis of these findings, the district court held the statute of limitations had run on Abedi's claims for commissions.

Abedi asserts the district court erred because the causes of action could not have accrued until all the elements had occurred. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal.3d 176, 98 Cal. Rptr. 837, 491 P.2d 421, 427 (Cal.1971). Abedi contends that the final element lacking in each cause of action was damage. *See, e.g., First Commercial Mortgage Co. v. Reece,* 89 Cal.App.4th 731, 108 Cal. Rptr.2d 23, 33 (Cal.Ct.App.2001); *Molko v. Holy Spirit Ass'n,* 46 Cal.3d 1092, 252 Cal.Rptr. 122, 762 P.2d 46, 53 (Cal.1988),

---

1. The district court denied summary judgment on the contract proposal and commissions schedule. The court found that "[t]here is a question of fact as to whether the communications were a breach of the contract, and a triable issue remains." *Abedi v. Kobo Products, Inc.*, No. CV–00–00498, slip op. at 5 (C.D. Cal. April 2, 2001).

*superceded on other grounds by statute, as recognized in Aguilar v. Alt. Richfield Co.,* 25 Cal.4th 826, 107 Cal.Rptr.2d 841, 24 P.3d 493 (Cal.2001). Simply stated, Abedi claims that she could not incur damages until the commission payments became due. *See Waggoner v. Dallaire,* 649 F.2d 1362, 1368 (9th Cir.1981); *Konjoyan v. Der Zakarian,* 191 Cal.App.2d 110, 12 Cal. Rptr. 389, 390–91 (Cal.Ct.App.1961).

As the district court found, the state statute of limitations for commissions begins to accrue when the commissions become due and payable. Yet, this rule does not allow Abedi to pursue her claims for underpayment of commissions because the payments were made from February 23, 1996, to October 2, 1996; therefore, the claims were barred by the statute of limitations.

■ Abedi's claim for fraud stemming from the alleged NuSkin commissions, however, is not barred by the statute of limitations. Abedi alleged that in 1997 Schlossman stated he would reimburse her for NuSkin commissions if she could prove that she developed the account for Kobo. *See, e.g., Nordhorn v. Ladish Co.,* 9 F.3d 1402, 1406 (9th Cir.1993). Therefore, the fraud claim for NuSkin commissions is not barred by the three-year statute of limitations.

■ In addition, Abedi was not placed on notice, *see Norgart v. Upjohn Co.,* 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79, 88–89 (Cal.1999), of her claims for commissions arising out of sales to Kolmar Port Jervis and Circle Trade, Inc. Unlike her claims for underpayment of commissions, Abedi did not receive commission schedules or sales figures or have any communications with Kobo as to sales made to Kolmar Port Jervis and Circle Trade, Inc. *See Briskin v. Ernst & Ernst,* 589 F.2d 1363, 1369 (9th Cir.1978); *Hobart v. Hobart Estate Co.,* 26 Cal.2d 412, 159 P.2d 958, 973 (Cal.1945). She was first placed on notice of these claims when she received total sales figures in August of 1997. Thus, Abedi's fraud claims for commission payments arising out of the sales to Kolmar Port Jervis and Circle Trade are not barred by the statute of limitations.

## II. Termination

■ Kobo contends that Abedi is barred from bringing the claim for termination of her exclusive dealership because, by October 1996, she was aware of problems with certain discrepancies in her commissions. The statute of limitations does not begin to accrue on a claim for the termination of the exclusive distributorship, however, until termination has occurred. *See Romano v. Rockwell Int'l, Inc.,* 14 Cal.4th 479, 59 Cal.Rptr.2d 20, 926 P.2d 1114, 1118–19 (Cal.1996). Thus, Abedi's claim for termination of an exclusive distributorship is not barred by the statute of limitations because it accrued on December 31, 1997, the date she received six-months notice of her pending termination.

■ In addressing summary judgment, Abedi contends the district court erred "because the evidence at the very least raised a triable issue of fact regarding whether the parties agreed that Ms. Abedi could be terminated only for a failure of performance."

Employees are presumed to be at-will and can be terminated "at any time without cause" if no other understanding is reached. *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 387 (Cal.1988). A contractual understanding may be implied in fact, arising from the parties' conduct showing their actual mutual intent to create enforceable limitations. *Id.*

It is evident from the course of conduct between Abedi and Schlossman that an agreement as to a termination clause had not been reached. *See Alpha Distrib. Co. of Cal., Inc. v. Jack Daniel Distillery,* 454 F.2d 442, 449 (9th Cir.1972) (holding that "the evidence does not suggest that the contract between [distributor] and [company] had any ascertainable term of duration," and concluding the company could terminate the relationship upon reasonable notice). The parties allegedly entered into an agreement similar to that embodied in Abedi's contracts with earlier companies: Tevco and Presperse. The two agreements do not contain similar minimum sales performance requirements with which to demonstrate a meeting of the minds as to the termination provision. Moreover, in an alleged memorialization of the agreement, Schlossman's contract proposal contained a termination at will clause. Thus, the court is unable to enforce the actual understanding of the parties because none exists. *Id.*

Without a specified term, the contract "may be terminated at will of either party on notice to the other." Cal. Labor Code § 2922 (West 2001); *see also Alpha Distrib. Co. of Cal., Inc.,* 454 F.2d at 449 ("It follows that, under the rule quoted above, [California] law implies that the duration of the distributorship shall be at least a reasonable time, and that the obligations under the contract shall be terminable at will by any party upon reasonable notice after such reasonable time has elapsed."). Schlossman provided the requisite notice; therefore, no genuine issue exists as to Abedi's termination of her distributorship with Kobo.

2. Each party shall bear their own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.[2]