[Civ. No. 16599. Second Dist., Div. Two. Feb. 4, 1949.]

H. BENDIEN et al., Appellants, v. CHARLES L. SOLOV, Respondent.

Merriam, Rinehart & Merriam and Jay D. Rinehart for Appellants.

J. Q. Gilchrist for Respondent.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action for an accounting predicated upon an oral agreement whereby plaintiffs agreed to furnish necessary money for the purchase and rehabilitation of various parcels of real estate, to be found and purchased by defendant Charles L. Solov, with the understanding that upon the subsequent sale of any of such properties, plaintiffs would be reimbursed for the amount of their investment, and the remaining net profit would be equally divided between plaintiffs and defendant Charles L. Solov, plaintiffs appeal.

## Facts

On March 8, 1946, plaintiffs filed a complaint against defendants alleging that in May, 1940, defendant Charles L. Solov had entered into an oral agreement with plaintiffs to the effect that if they furnished the necessary money he would purchase and rehabilitate various parcels of real estate and upon their sale reimburse plaintiffs for their investment. The net profit would then be divided between the parties. It was further alleged that plaintiffs had delivered to said defendant the sum of $14,917.77, and that thereafter said defendant purchased properties which he subsequently sold and on account of which he paid to plaintiffs the sum of $12,494.16, which he represented was their share of the investment; that said defendant had sold the property actually for a profit of $20,658.23, or more, and that he did not account to plaintiffs for their share of said sum, whereupon plaintiffs prayed for an accounting and a judgment for the amount due them.[1]

---

[1] The material allegations of the complaint are as follows:

"III

"That in the month of May, in the year 1940, and repeatedly thereafter, the defendant, Charles L. Solov, orally represented to the plaintiffs herein that if the plaintiffs herein would contribute the moneys required, he, the said defendant, would acquire therewith distressed properties for the joint benefit of the parties hereto, and that properties which had been sold for taxes or for other similar encumbrances could be acquired with said funds for substantially less than their actual value, and that such properties could be rehabilitated and sold at a substantial profit; and that upon the sale or other disposition of the properties thus acquired with the funds contributed by the plaintiffs, the profit arising from such sales would be divided equally between the parties hereto, one-half to the plaintiffs herein, jointly, and the other one-half to the defendant, Charles L. Solov.

"IV

"That pursuant to the plan hereinabove outlined the plaintiffs herein placed in the hands of the defendant, Charles L. Solov, moneys in the

Defendants filed an answer in which they set up as an affirmative defense, "that plaintiffs' alleged cause of action is barred by the provisions of section 339, Code of Civil Procedure, paragraph 1, . . ."[2]

The reporter's transcript discloses that at the trial evidence was introduced of the oral agreement alleged by plaintiffs, and that the last of the properties acquired under the agreement was sold prior to June 1, 1942. On this date plaintiffs became entitled to one-half of any profits received from the sales.

The trial court found among other things that the allegation set forth in paragraph III of the complaint relative to defendant Solov's oral representations to plaintiffs was true, and that the oral contract entered into between the parties in May, 1940, was cancelled and a new and different contract

total sum of $14,917.77, and that the real properties hereinafter referred to were acquired by said defendant, Charles L. Solov, through the use of the moneys thus contributed by these plaintiffs. . . .

"VI

"That after the payment to the Defendant, Charles L. Solov, of the said sum of $14,917.77 in cash, as hereinabove alleged, the said CHARLES L. SOLOV acquired title to the following described real properties situate in the County of Los Angeles, to wit: . . .

"That after the acquirement of the real properties hereinabove referred to the defendant, Charles L. Solov, transferred and paid to the plaintiffs herein moneys and mortgages of the aggregate total amount and value of $12,494.16, which said defendant represented to the plaintiffs herein represented a return of plaintiffs' investments in the real properties herein referred to and other properties acquired with funds which the plaintiffs herein had contributed, but that no further or other payments were made to plaintiffs by said defendant, Charles L. Solov.

"The plaintiffs are informed and believe and therefore represent the fact to be that since their acquirement all of the properties hereinabove described in subparagraphs 1 to 8, inclusive hereof were sold by the defendants herein at a large profit; and that according to the best knowledge, information and belief of plaintiffs herein said properties were sold for a sum aggregating $35,577.00, or thereabouts; and that said sales represented a profit in the sum of $20,658.23, or more, but that said defendants have not accounted to the plaintiffs herein for any portion of said profits, nor have said defendants returned to the plaintiffs herein the sum of $2,423.01, which represents the investment of plaintiffs herein in said and other properties purchased by the defendant, Charles L. Solov, pursuant to the arrangement hereinabove set forth, and that there is now due, owing and unpaid to the plaintiffs herein from said defendants the sum of $12,752.12, together with interest on that amount from the date of the respective sales of the properties herein referred to."

[2]Section 339, subdivision 1, Code of Civil Procedure reads in part: "Within two years:

"1. An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision two of section three hundred thirty-seven of this code; . . ."

entered into in the month of August, 1941, and also found: "That plaintiffs' alleged cause of action.is barred at law by the provisions of Section 339, Code of Civil Procedure of the State of California."

## QUESTIONS

First: *Was plaintiffs' cause of action barred by the two-year statute of limitations?* (Code Civ. Proc., § 339, subd. 1.)

This question must be answered in the affirmative. The evidence disclosed in support of the allegations of the complaint that plaintiffs and defendant Solov had entered into an oral agreement in May, 1940, which agreement was by mutual consent cancelled August 12, 1941, and a new agreement made between the parties at which time the account between the parties was settled and the amount due plaintiffs determined. The evidence also disclosed that the last of the properties acquired by defendant Charles L. Solov was sold prior to June 1, 1942, at which time plaintiffs were entitled under their agreement to their share of any profits which might have been realized. Since the present action was not filed until March 8, 1946, more than two years had elapsed from the date of the alleged breach of the oral agreement of the parties and plaintiffs' cause of action was barred by section 339, subdivision 1 of the Code of Civil Procedure.

There is no merit in plaintiffs' contention that the two-year statute of limitations is inapplicable to the present case because their suit was for an accounting. Entitling the action "Complaint for an Accounting" does not change the character of the action. The character of the action is to be determined not from the relief demanded but from the allegations of the complaint. (*Cf., Bell* v. *Bank of California,* 153 Cal. 234, 243 [94 P. 889] ; *Miller & Lux* v. *Batz,* 131 Cal. 402, 405 [63 P. 680] ; *Maguire* v. *Hibernia Sav. & Loan Assn.,* 23 Cal. 2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062].)

From a reading of the allegations of the complaint set forth in footnote 1, *supra,* it is evident that this action is to recover the amount due for breach of the terms of an oral contract entered into between the parties, by which defendant Solov agreed to purchase certain properties with money furnished by plaintiffs and upon their sale to return the amount of money advanced by plaintiffs, and in addition thereto to pay them half of the net profits, if any. The evidence supports these allegations and hence it follows that the action was one

for breach of an oral contract, and the two-year statute of limitations was applicable. The fact that it might have been necessary to have an accounting was purely incidental to the main cause of action alleged and proved by the evidence.

*McArthur* v. *Blaisdell*, 159 Cal. 604 [115 P. 52], is not here in point for the reason that the cited case pertained to a partnership in which it was necessary to secure an accounting before the rights of the parties could have been determined. In the present case the evidence disclosed that an accounting was had before 1941, and no objection made to such accounting until the filing of the present action.

*Scott* v. *Symons*, 191 Cal. 441 [216 P. 604], is likewise inapplicable to the present case for the reason that such case involved the breach of a trust agreement which this case does not.

*Beck* v. *Cagle*, 46 Cal.App.2d 152 [115 P.2d 613], is factually distinguishable from the instant case because in such case the trial court found, supported by substantial evidence, that the claim sued upon was barred by the four-year statute of limitations, and the opinion has no bearing upon the question before this court.

■ Second: *Was there substantial evidence to sustain the trial court's finding that the original agreement between the parties had been abrogated?*

This question must also be answered in the affirmative. The original agreement as alleged in the complaint contained no provision for the repayment by defendant Solov of plaintiffs' investments prior to the time the money was realized from the sale of properties, nor was there any provision for the payment of interest by said defendant, nor provisions for the payment of bonuses by him. Plaintiffs' only interest under the original agreement was to furnish the necessary money for which they were to receive one-half of the net profits. The evidence discloses that early in 1942 plaintiffs were repaid their investment with interest. It was likewise admitted by plaintiffs that bonus payments in addition to the return of their investments were made to them. A subsequent agreement, found by the trial court to exist, evidenced by a letter written by defendant, Charles Solov, and approved by plaintiffs, limited their participation in profits to "cash sales" and provided for bonus payments in lieu of profits in other sales. Pursuant to this agreement plaintiffs accepted bonuses for many months and made no claim to any share in the profits.

The foregoing evidence sustains the trial court's finding that the original oral contract entered into between the parties was cancelled by mutual consent and a new one entered into in the month of August, 1941.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.