[Civ. No. 15354.   First Dist., Div. Two.   May 21, 1953.]

RICHARD MEYER et al., Respondents, v. JOSEPH R. TERRITO et al., Appellants.

Lakin, Rummell & Spears for Appellants.

George P. Larrouy for Respondents.

GOODELL, J.—Plaintiffs sued for $1,701.30 and recovered judgment for that sum. This appeal followed.

Early in 1945 respondents and three other persons purchased adjoining parcels of land in Redwood City at the intersection of El Camino Real and Brewster Street. Respondents' parcel was approximately 200 feet from the intersection, with a frontage of 50 feet on El Camino Real and a depth of 150 feet.

In contemplation of the purchase respondents and the other three persons (the latter being appellants' predecessors in interest) entered into an agreement which provided that the

rear 20 feet of each lot would be set aside for a paved alleyway wherein a sewer would be installed to which all the properties could connect, and that the cost of the paving and the sewer would be shared proportionately by the owners. The agreement was recorded.

All the work was done by respondents at a total cost of $2,625.52, which they paid on July 30, 1946.

On November 29, 1946, appellants purchased the property owned by the other three parties, lying between respondents' lot and Brewster Street, with a frontage of 200 feet on El Camino Real and a depth of 130 feet.

Respondents contend that appellants acquired the property with actual and constructive notice of the agreement and *that they also orally agreed at about that time that they would pay their share of the paving and sewer work at such time as they* improved their property and sold it as improved, or otherwise *derived financial benefit from the use of the property and the improved alleyway, driveway and sewer.*

Appellants contended at the trial that their oral agreement was that they were to pay their share if and when they built on the property (which they never did).

Appellants' first contention is that the action is barred by section 339, Code of Civil Procedure, in that it was not commenced until some three and a half years after the alleged oral contract was made.

The answer is silent with respect to the statute of limitations. ■ "The general rule is firmly established that if a statute of limitation is not pleaded it is waived." (*Hall* v. *Chamberlain*, 31 Cal.2d 673, 679 [192 P.2d 759], citing 16 Cal.Jur. 603-604.)

Appellants say: "We have not cited any cases in this brief because of the fact that the points involved are very elementary and covered by the Code of Civil Procedure with reference to the provisions of the statute of limitations . . ." They also say: "At the outset of the trial in the lower court it was stipulated by the parties, which stipulation was approved by the court, that the answer may be amended on its face to set forth the statute of limitations, section 339 of the Code of Civil Procedure of the State of California, as a defense to said action." This is not correct; no section was mentioned. This is what the record shows: "MR. RUMMELL: Before we start, I would like to state that the answer, when it was originally prepared was prepared in my office by somebody else and when I went over the pleadings two or three weeks ago,

I discovered they had failed to state a substantial defense, which I would like to have shown on the record, the defense of the statute of limitations. MR. LARROUY: It is stipulated the answer may be amended on its face to so state. THE COURT: All right." No amendment was ever made. Thus appellants' number one point is being pressed on this appeal without section 339 or any other section having been pleaded. Section 339 appears in the case for the first time on appeal.

Respondents cite *Calvary Presbyterian Church* v. *Brydon*, 4 Cal.App.2d 676, 678 [41 P.2d 377] and *Downs* v. *Benatar's etc. Stores*, 75 Cal.App.2d 61, 68-69 [170 P.2d 88], but we are left without the benefit of appellants' views on these cases since they refrain from citing any case at all in their opening brief, they did not file any closing brief, and did not argue orally. The Brydon case is closely in point. At the trial there Brydon sought leave (just as appellants did here) to amend to plead "that the action 'is barred by the statutes of limitation,' without citing any section of the code upon which he relied." The court said that "Such an amendment, even if permitted, would not be a sufficient plea of the statute of limitations to bar the present action [citing cases]." A hearing by the Supreme Court was denied. In *Manning* v. *Dallas*, 73 Cal. 420, 421 [15 P. 34], likewise, the defendant attempted to plead the statute of limitations in broad and general language instead of by section and subdivision (see Code Civ. Proc., § 458). It was held that this could not be done. The case of *Murphy* v. *Murphy*, 71 Cal. App. 389, 392-393 [235 P. 653], is also in point.

For these reasons and on these authorities it must be held that appellants cannot rely on the statute of limitations.

Appellants state their second contention as follows: "Did the agreement between respondents and appellants' predecessors in interest constitute a covenant running with the land and thereby bind appellants to pay part of the cost of the improvements made by respondents?"

Respondents in their brief show that they rely "on an oral contract made during the year 1946, to be performed upon the happening of certain events and contingencies, which events and contingencies occurred in the year 1949, six months prior to the institution or filing of this suit." They add: "It does not involve any theory of covenants running with the land." This latter statement removes the covenant question from the case

Respondents have relied on the oral contract from the very outset. In their complaint they alleged that "it was orally agreed by the parties that defendants would pay their proportionate share of the expenses . . . at such time as defendants would improve their property, sell the same as improved, *or derive financial benefit from the use of their property and the improved alleyway, driveway and sewer line.*" (Emphasis added.) They then alleged that about December 29, 1949, defendants sold the property for $67,500, a price far in excess of that paid therefor. Also, "that prior to the sale, and for a period of time unknown to plaintiffs, defendants had been deriving rental from their said property, and that their tenant and/or lessee had been during said time enjoying the use and benefits of said driveway and sewer line installed by plaintiffs; that subsequent to said sale by defendants, plaintiffs again requested payment to them by defendants of the latters' [sic] share of the expenses incurred by plaintiffs relative to said alleyway and sewer line; that defendants again deferred payment, and, eventually did, and still do, refuse to pay the same; that the fair and equitable proportionate share of said costs and expenses due, owing and unpaid, from defendants to plaintiffs, based on the frontage of 150 feet of defendants' property was, and still is, the sum of $1,701.30."

These allegations were denied, hence they were of course important issues in the case. Respondents proved by Territo's own testimony that appellants' profit was $25,000 on the resale.

The court found in respondents' favor on these issues, and when confronted, as appellants are, with such adverse findings, they make no attempt to show how or why the evidence is insufficient. The subject of the oral contract is not even mentioned in appellants' brief, and instead of argument supported by authority the following is found therein: "We respectfully urge that the decision of the lower court in this case was absolutely ridiculous. We did not file a motion for new trial because we felt the judge's attitude was so arbitrary that it was a waste of time. We respectfully submit that the judgment should be reversed."

It is scarcely necessary to say that "It is incumbent upon the appellant to make it affirmatively appear that error was committed by the court below" (*Cockrill* v. *Clyma,* 98 Cal. 123, 126 [32 P. 888]).

In *Wieczorek* v. *Texas Co.,* 45 Cal.App.2d 450, 456-457 [114 P.2d 377], the appellant contended that it was not his task to convince the appellate court that the findings were

unsupported. This court said: "This is not in accord with the accepted rule of practice. The rule to the contrary is found in 2 California Jurisprudence, page 730, where it is said: 'When it is contended that the evidence does not sustain the findings, the appellant must point out in his brief the evidence, . . . and he must show wherein the evidence does not sustain the findings.' [Citations]." See, also, *Sutro Heights Land Co.* v. *Merced Irr. Dist.*, 211 Cal. 670, 687 [296 P. 1088], and *Metzenbaum* v. *Metzenbaum*, 96 Cal.App. 2d 197, 199 [214 P.2d 603].

■ With respect to the oral contract, respondent Meyer, and Bryan, his secretary and office manager, and appellant Territo all testified. The principal difference between the litigants was not *whether* Territo had orally obligated himself to pay his proportionate share of the $2,625,52 total cost, but simply as to *when* he had to pay. The court apparently accepted respondents' version that appellants' obligation was to pay if and when they derived a financial benefit from the property. It is undisputed that appellants sold at a $25,000 profit. Territo "admitted the liability all along," according to Meyer's testimony. Meyer testified that Territo had said in one of their telephone conversations "that he didn't want anything for nothing and that he would pay us. He asked for a bill and I sent him one." Bryan testified to a phone conversation between Meyer and Territo, to which he listened in at Meyer's request, in which this was said: "Q. Did they have a discussion about the alleyway and sewer lines? A. Yes, Mr. Meyer said 'Now you have sold the property when will we get it settled?' and Mr. Territo said 'I don't want to beat anybody, but I have no bill,' so Mr. Meyer made a bill and sent it to him.". When appellants' counsel objected the court said: "Let him deny it." Territo, however, was not put back on the stand to deny this conversation.

Respondents say in their brief "All other matters [meaning subjects aside from the statute of limitation and covenants] involve questions of fact decided upon conflicting evidence. Such matters should not be disturbed by an appellate court." We agree with that statement.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.