[Civ. No. 10907.   Third Dist.   Feb. 25, 1965.]

AGAIR INCORPORATED et al., Plaintiffs and Respondents, v. RUSSELL O. SHAEFFER et al., Defendants and Appellants.

Grayson Price, R. E. Burness, Jr., and Price, Burness & Price for Defendants and Appellants.

Blade & Farmer, Eugene H. Bramhall and Robert V. Blade for Plaintiffs and Respondents.

SPARKS, J. pro tem.†—Appellants, Russell O. Shaeffer and Frank Ponke, were the employees of respondent companies. They appeal from a judgment entered in an action brought by their employers for the recovery of funds and from the order of the court denying their motion to vacate the judgment and enter a judgment in their favor. The sole point urged for reversal is that the action was barred by the statute of limitations.

Respondents, Agair Incorporated and Aerial Chemical Corporation, were engaged in a joint venture of operating aircraft for agricultural purposes. Their business, commonly known as "crop dusting," consisted of the application of insecticides, fertilizer and seeds from aircraft. Appellant Shaeffer was the manager of the Chico office of the joint venture, and appellant Ponke was an airplane pilot. Both were employed under oral contracts. Shaeffer was paid a monthly advance of $350 and was to receive a percentage of the profits from the Chico office, after certain deductions had been calculated. For his services

---

†Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Ponke was to receive 20 per cent of the income received for fertilizing and seeding operations and 25 per cent for spraying and dusting, based upon the gross billings therefor.

Respondents maintained a bank account in Chico where proceeds from the Chico operation were deposited. This account was used mainly as a conduit for the transfer of funds to the headquarters of respondents, although small bills were paid from it. Appellant Shaeffer was permitted in a limited way to draw checks on this account. For checks other than in payment of small items of expense, he was required to obtain authorization from an officer of respondent companies.

On June 15, 1957, both appellants left respondents' employ. Shortly thereafter, it was ascertained that between April 15 and June 7, 1957, appellant Shaeffer, without authorization or even knowledge on the part of respondents, had written four checks in substantial amounts which were paid out of said business account. Two of the checks in the gross amount of $4,500 had been made payable to Shaeffer, or his wife, and the two other checks in the total sum of $3,850 to appellant Ponke.

This action was commenced on February 29, 1960, more than two years after either the drawing of said checks or the termination of the employment, and more than two years after respondents had discovered the fact of the payments. A trial was had on the issues before the court sitting with a jury in an advisory capacity, and thereafter findings were made in favor of respondents and adverse to appellants' contentions. Judgment was entered accordingly.

Appellants assert that the causes of action against them were barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, the two-year statute governing actions on unwritten obligations.[1] They base their contentions upon allegations in the amended complaint that appellants had been employed under an oral contract and that the drawing of the checks was in violation of their agreement. Since the trial court specifically found the allegations of the amended complaint to be true and predicated judgment thereon, it is argued that said subdivision 1 of section 339 must apply.

Respondents' position, and the one obviously accepted by the trial court, was that the action fell within the provisions of subdivision 4 of section 338 of the Code of Civil Procedure, the three-year statute, where relief is sought on the ground of

---

[1]Section 339 of the Code of Civil Procedure reads in part: ''Within two years. 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, . . . .''

fraud or mistake.[2] The action was instituted within the three-year period. Appellants argue that it cannot be governed by subdivision 4 of said section 338 for the reason that neither fraud nor mistake was alleged in the amended complaint, and therefore not found by the court, since it adopted the allegations of said complaint by specific reference in its findings.

█  In ruling upon the applicability of the statute of limitations, a court will look to the nature of the rights sued upon rather than to the form of action or to the relief demanded. (*Day* v. *Greene*, 59 Cal.2d 404, 411 [29 Cal.Rptr. 785, 380 P.2d 385, 94 A.L.R.2d 802]; *People* v. *Union Oil Co.*, 48 Cal.2d 476 [310 P.2d 409].)  █  Neither the caption, form, nor prayer of the complaint will be deemed conclusive in determining the nature of the liability from which the cause of action flows. On the contrary, the true nature of the action will be ascertained from the basic facts *a posteriori*. In *Day* v. *Greene, supra,* a case where constructive fraud was the gravamen of the action, the Supreme Court said on page 411: "The statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded. [Citations.] The remedy sought here, i.e., the imposition of a constructive trust, is used to prevent unjust enrichment or to compel restoration of property by one who is not justly entitled to it. The usual situation in which the relief is granted is found in cases where the substantive basis of the action is that the property has been obtained through actual fraud, violation of a confidential relationship, or breach of trust. [Citations.]"

The sufficiency of the evidence to support the facts found by the court is not questioned, and, in any event, according to the well known rule on appeal, would have to be considered in a light most favorable to the judgment. The trial court found that all proceeds from the operation at Chico were the property of respondents; that appellant Shaeffer had no authority to draw the checks in question from respondents' bank account; that appellant Shaeffer's authority to draw on the account was limited to the payment of miscellaneous small items of expense, commonly known as petty cash; that the checks payable to Shaeffer, his wife, and Ponke were signed

[2]Section 338 of the Code of Civil Procedure reads, in part: "Within three years:

"4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

and delivered in violation thereof; and that appellants were indebted to respondents in the amounts for which judgment was given. It was also found that the allegations of Schaeffer's counterclaim and cross-complaint that respondents were indebted to him in amounts in excess of the two checks drawn to himself and wife were untrue.

The basic situation of fact disclosed by these findings show an employee having dominion over his employers' funds, exercising it in an unauthorized manner, and thereby obtaining for himself and another employee substantial sums of money to which they were not entitled. The substantive right infringed was the violation of a confidential relationship by misappropriation of property and not the breach of an oral contract of employment.

Causes of action arising under such circumstances properly fall within the three-year statute provided by subdivision 4 of section 338 of the Code of Civil Procedure. This is true, even though there may be involved in some cases the breach of an oral agreement, provided that the gravamen of such actions is either actual or constructive fraud[3] or mistake. It exists when conduct, though not actually fraudulent, has all actual consequences and all legal effects of actual fraud. (*Devers* v. *Greenwood,* 139 Cal.App.2d 345 [293 P.2d 834]; *County of Santa Cruz* v. *McLeod,* 189 Cal.App.2d 222 [11 Cal. Rptr. 249]; *Efron* v. *Kalmanovitz,* 226 Cal.App.2d 546 [38 Cal.Rptr. 148].) We quote again from the *Day* case, *supra,* 59 Cal.2d at page 411: ". . . The fact that a breach of contract is involved is not decisive as to the applicable statute of limitations. In *Souza & McCue Constr. Co.* v. *Superior Court,* 57 Cal.2d 508, 511 [20 Cal.Rptr. 634, 370 P.2d 338], we held that section 338, subdivision 4 . . . , was applicable where the action was based on a fraudulent breach of a contractual duty." In *Acme Paper Co.* v. *Goffstein,* 125 Cal.App.2d 175 [270 P.2d 505], the court impliedly held that section 338, subdivision 4, was the proper statute in limiting an action against an employee for the fraudulent taking of property from his employer. To the same effect is *Security First Nat. Bank* v. *Ross,* 214 Cal.App.2d 424 [29 Cal.Rptr. 538], the court holding there that when the gist of the action is fraud,

---

[3]Section 1573 of the Civil Code reads: "Constructive fraud consists:
"1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; . . . ."

the three-year limitation period prescribed by subdivision 4 of said section 338 applies regardless of whether a contract out of which it arose was oral or written. (See also *County of Santa Cruz* v. *McLeod, supra*; *Nevarez* v. *Nevarez*, 202 Cal.App.2d 596 [21 Cal.Rptr. 70]; *Schaefer* v. *Berinstein*, 180 Cal.App.2d 107 [4 Cal.Rptr. 236]; *Gregory* v. *Spieker*, 110 Cal. 150 [42 P. 576, 52 Am.St.Rep. 70].) ▮ The provisions of subdivision 4 of said section 338 embrace mistake as well as fraud if either is the basis of a legal injury. (*Shain* v. *Sresovich*, 104 Cal. 402 [38 P. 51]; *Edgar Rice Burroughs, Inc.* v. *Commodore Productions & Artists Inc.*, 167 Cal.App.2d 463 [334 P.2d 922].)

Appellants rely upon *Jefferson* v. *J. E. French Co.*, 54 Cal. 2d 717 [7 Cal.Rptr. 899, 355 P.2d 643], and *Bendien* v. *Solov*, 89 Cal.App.2d 904 [202 P.2d 372], in support of their contentions that the two-year statute governs the instant case. An analysis of these decisions, however, shows that the cause of action on each arose out of the breach of an oral contract and was properly held barred by section 339, subdivision 1, of the Code of Civil Procedure. The action in *Bendien* was to recover money due from the proceeds of the sale of property. In *Jefferson* there was concerned the right of an employee to recover a percentage of the profits to which he was entitled under an oral contract. Neither of these cases involved the return of money obtained by fraud or mistake. Both turned clearly upon grounds of contractual liability. There is a significant distinction between a situation of suing for monies due under an oral contract, as contrasted with an attempt to recover funds paid by mistake or obtained through fraud: one is based purely upon an obligation arising out of *agreement*; the other, out of *mistake* or by reason of one or more of the multifarious forms that *fraud* may assume. They are not *sui generis*.

A person receiving the property of another by reason of fraud or mistake is unjustly enriched thereby, and the right of the owner to recover will not be defeated merely because there was an oral contract between them in some way involving the property. The proper statute limiting such actions is subdivision 4 of section 338. This is in harmony with the holding that section 339, subdivision 1, is not applicable to an action specifically covered by some other code section. (*Automobile Ins. Co.* v. *Union Oil Co.*, 85 Cal.App.2d 302 [193 P.2d 48].)

One further matter requires consideration, although not

presented in the briefs. The record in this case shows that appellants first raised the issue of the two-year statute of limitations by way of demurrer. The amended complaint in a sense invited such an attack for the reason that it did allege an oral contract and certainly was not a model to be followed in pleading either fraud or mistake. However, for the purpose of ruling on the statute of limitations, the trial court quite properly looked at the facts alleged and in overruling the demurrer to the amended complaint concluded in these words: "[T]he gravamen of the complaint involves the unauthorized issuance of checks and a receipt of proceeds by defendants, either individually or as community property; a fraud, a quasi-trust relationship is sufficiently clear to require answer." Thereafter, appellant Shaeffer filed his answer, counterclaim and cross-complaint, and appellant Ponke his answer. In none of these pleadings was the issue of statute of limitations raised. Ordinarily, after a demurrer has been properly overruled because the defect did not appear on the face of the complaint, a failure to replead the statute of limitations in the answer would constitute withdrawal of the issue. (*Meyer* v. *Territo,* 118 Cal.App.2d 22 [257 P.2d 667]; *Pleasant* v. *Samuels,* 114 Cal. 34, 38 [45 P. 998]; 2 Witkin, Cal. Procedure (1954) Pleading, § 547, p. 1545.)

At the pretrial conference the issue of the statute of limitations was revived in the contentions presented, and the pretrial order specifically set forth and listed the statute as an issue in the case. The pretrial conference order is a part of the record and where inconsistent with the pleadings supersedes them. Unless modified it controls the subsequent course of the case. (Cal. Rules of Court, rule 216; *Aero Bolt & Screw Co.* v. *Iaia,* 180 Cal.App.2d 728, 743 [5 Cal.Rptr. 53]; *Perry* v. *Thrifty Drug Co.,* 186 Cal.App.2d 410 [9 Cal.Rptr. 50]; *City of Los Angeles* v. *County of Mono,* 51 Cal.2d 843, 847 [337 P.2d 465].) However, it appears that no explicit finding was made on the issue of the statute of limitations by the court in its findings of fact and conclusions of law. The scrivener who prepared these findings adopted the method quite often used, incorporating by reference different paragraphs of the pleadings and finding them either "true" or "false." When a pretrial conference order supersedes the pleadings, the pitfall of confining the findings to such method of reference must be readily apparent.

We have concluded, notwithstanding these difficulties in the record, that the judgment should be upheld. ▮ It is,

of course, required that a trial court must find upon every material issue presented by the pleadings. Under certain circumstances an omission so to find will not be considered fatal. Such circumstances arise when the omitted finding reasonably may be found to inhere and be implicit in other findings. (*Cullinan* v. *Mercantile Trust Co.*, 80 Cal.App. 377 [252 P. 647]; *Sears, Roebuck & Co.* v. *Blade*, 139 Cal.App.2d 580 [294 P.2d 140].) It also has been said that failure to find on a particular issue is harmless where under the facts of the case the statute of limitations is not applicable and the findings necessarily would have been adverse to appellant. (*Onderdonk* v. *City & County of San Francisco*, 75 Cal. 534 [17 P. 678]; *Space Properties, Inc.* v. *Tool Research Co.*, 203 Cal. App.2d 819, 829-830 [22 Cal.Rptr. 166]; *Bergman* v. *Bierman*, 138 Cal.App.2d 692, 697 [292 P.2d 623]; 3 Witkin, Cal. Procedure (1954) Appeal, § 103, subd. (g), p. 2277.)

The judgment and order are affirmed.

Pierce, P. J., and Friedman, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 21, 1965.