Filed 4/8/22  Barbier v. Beier CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| KRISTEN BARBIER, | |
| Plaintiff and Appellant, | E075885 |
| v. | (Super.Ct.No. RIC2001262) |
| KURT ALFRED BEIER III, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Craig Riemer, Judge.

Affirmed.

Kristen Barbier, in pro. per., for Plaintiff and Appellant.

Lurie Zepeda Schmalz Hogan & Martin, Michael D. Holcomb, for Defendant and Respondent.

1

# INTRODUCTION

In this appeal, plaintiff Kristen Barbier seeks reversal of a judgment of dismissal of her first amended complaint without leave to amend after the trial court sustained without leave to amend the demurrer filed by her half-brother, defendant Kurt Beier. The lawsuit alleged defendant cheated plaintiff out of her rightful share of the Doris and Lawrence Kleinfelter Family Trust. Defendant had demurred on the grounds plaintiff's action was not timely brought within the applicable statute of limitations and that it was barred by res judicata following plaintiff's unsuccessful attempt to recover against him and her attorney in connection with the distribution of the trust estate of their mother and plaintiff's stepfather. The trial court ruled that the first amended complaint was barred by the three-year statute of limitations set forth in Code of Civil Procedure section 338. Plaintiff appealed.[1]

On appeal, plaintiff argues that the trial court improperly sustained the demurrer without leave to amend where there is no evidence to support the trial court's conclusion that the limitations period began to run no later than October 2016 because her damages did not become "irremediable" until March 2017, and that equitable tolling principles, which would have extended the limitations period by eight months, were not properly taken into consideration. We affirm.

---

[1] On appeal, defendant correctly notes that plaintiff has included numerous improper documents in her Appellant's Appendix. We observe that her complaint and her appellate briefs also include improper matter. We agree and limit our review to the documents which were filed in the trial court, and matters properly alleged.

BACKGROUND

Because this appeal is from a judgment of dismissal upon an order sustaining a demurrer without leave to amend, we summarize and accept as true all well-pleaded material allegations of the complaint.[2] (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 156-157; see also, *Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 8, fn. 3 (*Hensler*); *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 7.) We do not, however, accept the truth of contentions or conclusions of fact or law (*Blank v. Kirwan* (1985) 39 Cal. 3d 311, 318), or other allegations inappropriate in a formal legal pleading. We therefore limit the background to the ultimate facts pled, omitting plaintiff's legal conclusions and editorial comments.

Doris and Lawrence Kleinfelter married in 1993. Doris had two children from two different relationships: plaintiff and defendant, who are half-siblings. In 2009, Doris and Lawrence created the Doris and Lawrence Kleinfelter Family Trust (KFT) naming defendant as trustee. Doris died in March 2016. The following month, in April 2016, the Riverside Public Guardian filed a petition to establish a conservatorship respecting plaintiff's stepfather, Lawrence Kleinfelter, Riverside Superior Court case No. MCP1600329. Thereafter, defendant filed a petition to establish the trust. Plaintiff then

---

[2] Defendant has requested that we judicially notice certain materials of which he had requested that the trial court take judicial notice. The trial court denied the request as unnecessary to its decision. However, we take judicial notice of the records and files in the prior litigation pursuant to Evidence Code sections 452 and 459, namely, *Barbier v. Herrera, et. al.,* Riverside Superior Court, case No. RIC1803890, as well as *Conservatorship of Lawrence Kleinfelter,* Riverside Superior Court, case No. MCP1600329.

attempted to submit two separate amendments to the trust, purportedly executed by her mother in March 2011 and April 2015, which revoked proposed distributions to defendant and directed those trust assets to plaintiff.[3] Defendant filed an amended petition challenging the validity of those amendments, which appeared to be forgeries. During the litigation over the prospective distribution of the trust, plaintiff retained an attorney to represent her with the intention of having the purported amendments established as amendments to the original trust. However, plaintiff's attorney did not pursue the admission of the amendments and advised her to settle.

Plaintiff agreed to settle the trust dispute as part of the conservatorship proceeding respecting Lawrence. As part of the settlement agreement, plaintiff also executed a (1) request for dismissal with prejudice of the alleged amendments to the trust, (2) request for withdrawal of the alleged amendments, (3) request for dismissal and withdrawal of any and all rights or claims under the 2009 KFT, and (4) confirmation of establishment of the 2009 KFT to be the only valid testamentary instrument of Lawrence and Doris Kleinfelter.

Plaintiff also agreed to a distribution of the assets pursuant to the terms of the original trust. In connection with the settlement, plaintiff then agreed to voluntarily release and forever discharge defendant "from any and all claims, known and unknown, asserted and not asserted, which [plaintiff] has had, now has, or may have against the Released Parties as of the date of execution of this Agreement including, but not limited

---

[3] Plaintiff also alludes to the fact that her brother lodged a criminal complaint against her for elder abuse.

to, any alleged existence and/or violation of:  [¶]  The alleged 2011 amendment to the 2009 Lawrence and Doris Kleinfelter;  [¶]  Family Trust Dated January 28, 2009;  [¶] The alleged 2015 amendment to the 2009 Lawrence and Doris Kleinfelter Family Trust Dated January 28, 2009;  [¶]  The alleged existence of a 2015 Trust or any other trust other than the 2009 KFT;  [¶]  The alleged existence of any other amendment, revocation, rescission of the 2009 Lawrence and Doris Kleinfelter Family Trust Dated January 28, 2009;  [¶]  The alleged violation of any rights to any livestock as part of the 2009 Lawrence and Doris Kleinfelter Family Trust Dated January 28, 2009;  [¶]  Any dispute or challenge to the attorney's fees and costs of litigation incurred in the Action and supported by the 2009 KFT Trust Property; and  [¶]  The confirmation and establishment of The 2009 KFT; or  [¶]  Any allegation or claim that the 2009 KFT is not valid or that the 2009 KFT is not valid in its original form."

On March 7, 2017, at the mandatory settlement conference in the matter pertaining to the KFT, the trial court went over each provision of the settlement agreement with plaintiff, after which, plaintiff stated her assent and signed the agreement.  At the conclusion of the recitation of the terms of the settlement, the court admonished plaintiff that as a result of the settlement, "there will be no other financial relationship between you and your brother or you and the estate of your parents."  Plaintiff responded, "That's a blessing, yeah."  The court asked plaintiff if she understood and agreed to the terms, to which plaintiff stated she did, without qualification.

5

Nevertheless, plaintiff alleges the next day she commenced legal research and by March 29, 2017, she alleges she filed a declaration stating her intent to object to the settlement due to her attorney's acts of coercing her into signing the settlement agreement. However, she was late to the final hearing and the case was closed. Nevertheless, she executed a confirmation to the establishment of the KFT and the agreed upon withdrawal of the alleged amendments to that trust.

Plaintiff then filed an action against her attorney, *Barbier v. Herrera, et al.,* Riverside Superior Court case No. RIC1803890, for his conduct in not persisting in the confirmation of the purported amendments to the trust and for coercing her into the settlement by telling her that if she did not accept the settlement, he "would walk."

Finally, plaintiff filed a complaint against defendant Kurt Beier on March 17, 2020, alleging various causes of action arising from the confirmation, distribution and settlement of the KFT matter. Defendant demurred, but before the court could rule on the demurrer, plaintiff filed the first amended complaint (FAC), which is the operative pleading. In this complaint, plaintiff alleged two causes of action: breach of fiduciary duty and unjust enrichment, arising from the settlement of the trust.

Defendant demurred to this complaint alleging that the action was barred by the statute of limitations, as well as by the doctrines of res judicata, claim preclusion, and/or estoppel by judgment. At the hearing on July 22, 2020, the court sustained the demurrer without leave to amend on the ground the operative statute of limitations, based on the gravamen of the action, was the three-year limitation period for fraud. The trial court

6

found that defendant's alleged "misdeeds" were known to or discovered by plaintiff no later than October 21, 2016, when she retained counsel to represent her in the efforts to prove the enforceability of the alleged trust amendments.

On July 28, 2020, the order sustaining the demurrer without leave to amend was filed, along with a judgment of dismissal of the FAC, and notice of entry of judgment was issued on August 21, 2020.  Plaintiff appealed on October 6, 2020.

## DISCUSSION

Plaintiff argues the trial court erred in dismissing her action as barred by the statute of limitations.  In connection with this assertion, she maintains there is "insufficient evidence" that she discovered defendant's alleged misdeeds no later than October 2016, that instead she discovered her brother's breach of fiduciary duty on March 30, 2017 (after she dismissed her challenges to the confirmation of the original trust while represented by counsel), and that even if the limitations period commenced running prior to March 30, 2017, the limitations period should be tolled due to her attorney's concealment of her brother's misdeeds as well as her health condition.[4]  We disagree.

---

**4** Plaintiff's complaint includes a section entitled "Statement of the Issues," which describe at least six errors warranting reversal.  Several of the issues described in that section refer to alleged fraudulent and unethical acts committed by her retained attorney in the course of the conservatorship case, which were also included in her separate legal action against the attorney.  We disregard these claims because they are irrelevant to the alleged breach of fiduciary duty and unjust enrichment related to her brother's alleged "misdeeds."

7

a.      *General Principles Applicable to Review of an Order Sustaining a Demurrer Without Leave to Amend.*

A general demurrer presents the same question to the appellate court as to the trial court, namely, whether the plaintiff has alleged sufficient facts to justify any relief, notwithstanding superfluous allegations or claims for unjustified relief.  (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 952–953, citing *Harnish v. Bramer* (1886) 71 Cal. 155, 158; *Matteson v. Wagoner* (1905) 147 Cal. 739, 742; *California Trust Co. v. Cohn* (1932) 214 Cal. 619, 628; *Alcorn v. Anbro Engineering, Inc*. (1970) 2 Cal.3d 493, 496.)

We review de novo the order sustaining the demurrer, treating the demurrer as admitting all material facts properly pleaded, but, because only factual allegations are considered on demurrer, we must disregard any contentions, deductions or conclusions of fact or law.  (*Blank v. Kirwan* (1985) 39 Cal. 3d 311, 318; *WA Southwest 2, LLC v. First American Title Ins. Co.* (2015) 240 Cal.App.4th 148, 151, citing *People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 957.)  In reviewing the lower court's ruling on demurrer, we base our statement of the factual and procedural background on the pleadings and such matters as may be judicially noticed.  (*Careau & Co. v. Security Pacific Business Credit, Inc*. (1990) 222 Cal.App.3d 1371, 1381, 1386; *Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

"When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action."  (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318,

8

citing *Hill v. Miller* (1966) 64 Cal.2d 757, 759.)  When a demurrer is sustained without leave to amend, *Blank v. Kirwin, supra,* instructs us to "decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm."  (*Blank v. Kirwin, supra* at p. 318; *Kilgore v. Younger* (1982) 30 Cal.3d 770, 781; *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.)  "The burden of proving such reasonable possibility is squarely on the plaintiff."  (*Cooper v. Leslie Salt Co., supra*, at p. 636.)

b.      *The Limitations Period for Fraud Applies and It Commenced When Plaintiff Disputed the Validity of the Original Trust and Retained Counsel to Introduce the Disputed Amendments to the Trust.*

The complaint alleges that as early as the commencement of the conservatorship proceedings respecting Lawrence Kleinfelter, plaintiff considered her brother's actions as trustee of the KFT to be in violation of his fiduciary duty, and that he was managing the trust in a manner that deprived plaintiff of her rightful share of the trust estate pursuant to the two amendments that favored her, to his own financial benefit.  Importantly, she specifically alleged that his "breaches of fiduciary duty oppressed and ultimately deprived Beneficiary Kristen Barbier (Plaintiff) of her rights and property that her parents directed she receive; Trustee/Beneficiary/Debtor Kurt Beier acting for his own financial benefit."  That said, the gravamen of her complaint, irrespective of the titles of the causes of action, was for fraud.

9

"Civil actions are governed by statutes of limitations that dictate the time period within which a cause of action may be commenced." (*Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 604; Code Civ. Proc., § 312.) For all statutes of limitations, the statute begins to run when the "cause of action accrues." (*Fox v. Ethicon Endo–Surgery, Inc.* (2005) 35 Cal.4th 797, 806.)

"There is a limitation to the applicability of this statute of limitations. . . . [A] plaintiff is not permitted to evade a statute of limitations by artful pleading that labels a cause of action one thing while actually stating another." (*Thomson v. Canyon, supra,* 198 Cal.App.4th at p. 606.) "'To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the "gravamen" of the cause of action. [Citations.] "[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code."'" (*Id.,* at pp. 606-607, quoting *Hensler, supra,* 8 Cal.4th at pp. 22–23.)

In *Thomson,* the plaintiff designated the claim as one for breach of a fiduciary duty, but the court, looking to the gravamen of the complaint, where plaintiff retained realtors to market her property and reconvey it to her, concluded that defendant's acts of conveying the property to a third party constituted actual or constructive fraud, indicating that the applicable statute of limitations was the Code of Civil Procedure section 338, subdivision (d) three-year limitations period. "Neither the caption, form, nor prayer of the complaint will be deemed conclusive in determining the nature of the liability from

10

which the cause of action flows. On the contrary, the true nature of the action will be ascertained from the basic facts *a posteriori*." (*Agair, Inc. v. Shaeffer* (1965) 232 Cal.App.2d 513, 516; see also, *Parker v. Walker* (1992) 5 Cal.App.4th 1173, 1189 [action subject to statute of limitations for oral contract despite plaintiff's assertion it was an action to enforce a trust].)

Here, plaintiff's claim is that she was entitled to a greater distribution under two purported trust amendments, but that her brother, as trustee, attempted to conceal the two purported trust amendments to deprive her of her rights under them for his own financial advantage. So stated, the gravamen of her complaint is one for fraud, subject to a three-year statute of limitations pursuant to Code of Civil Procedure, section 338, subdivision (d). The three-year limitation applies to any cause of action, however labeled, in which fraud is the basis of the legal injury regardless of whether the complaint seeks legal or equitable relief or pleads a cause of action in tort or contract. (*Hatch v. Collins* (1990) 225 Cal.App.3d 1104, 1110.)

As the trial court correctly concluded, the statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent, and the same is true for claims for unjust enrichment. (See *American Master Lease LLC v. Idanta Partners, Ltd.* (2014) 225 Cal.App.4th 1451, 1479; see also, *FDIC v. Dintino* (2008) 167 Cal.App.4th 333, 347-348.) Having made multiple allegations demonstrating that the gravamen of her claim against her brother was

11

grounded on fraud, plaintiff's action was properly deemed subject to the three-year limitations period.

The next question is when the statute of limitations commenced to run. Plaintiff argues it did not commence to run until after she signed the settlement agreement and released all claims because her attorney concealed fraudulent activity. Unfortunately, the allegations of the complaint belie this assertion. First, the complaint does not state a claim against her attorney, which would be barred by the fact it is the subject of a separate legal action.[5] (Code Civ. Proc. § 430.10, subd. (c) ["There is another action pending between the same parties on the same cause of action."].)

Second, vis-à-vis the complaint against her brother, the complaint specifically alleges that on October 21, 2016, she retained the attorney in order to combat her brother's misrepresentations in the handling of the KFT estate. Throughout the complaint she alleges her brother's alleged fraudulent conduct led her to intervene in the matter to introduce the trust amendments favorably disposing of assets to her. The only reasonable inference is that she had discovered her brother's alleged fraudulent conduct (to which the court refers to as "misdeeds" prior to retaining counsel, and that her motivation in retaining counsel was to expose her brother's "misdeeds."

---

[5] Plaintiff refers to the action as unresolved.

12

The court correctly identified October 21, 2016 as the date on which the statute of limitations commenced to run.[6] That being the case, the limitations period would have expired three years from that date in 2019, unless tolled.

c.    *The Running of the Statute of Limitations Was Not Tolled by the Conduct of her Attorney or Her Health.*

Plaintiff argues that even if the trial court correctly identified the date of discovery of the fraud, and correctly determined that the three-year statute of limitations applies, the limitation period was tolled for eight months, including five months during which her attorney concealed the fraud allegedly occurring during the trust litigation in the conservatorship case, with an additional three months allowance because of her ill health. We disagree.

Code of Civil Procedure section 352, subdivision (a), provides that "[i]f a person who is entitled to bring an action, mentioned in chapter 3 (commencing with section 335) is, at the time the cause of action accrued either under the age of majority or lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action." Code of Civil Procedure sections 352 (and 354, governing state of war) describes the particular personal disabilities which will toll the

<hr />

[6] Plaintiff makes various arguments against the identification of this date as the time when the statute commenced to run, most of which blame her retained attorney for concealing information about the trust litigation, but none holds water. The simple fact is that she was already convinced her brother was attempting to cheat her out of her inheritance when she retained counsel to bring that situation to light. Nothing the attorney did hid from plaintiff the facts underlying her action against her brother vis-à-vis his handling of the trust estate.

statute of limitations. "These statutory conditions have been held to be exclusive, and they do not include either physical debility or hospital confinement." (*Sanchez v. South Hoover Hospital* (1976) 18 Cal.3d 93, 102-103, citing *Baker v. Beech Aircraft Corp.* (1974) 39 Cal.App.3d 315, 322; see *Phillips v. Standard Acc. Ins. Co.* (1960) 180 Cal.App.2d 474, 481-482.)

Plaintiff's attorney's alleged deeds did not conceal the original fraud that motivated plaintiff to hire him to ensure the purported amendments to the KFT were presented to the court for consideration in the conservatorship matter. The brother's conduct vis-à-vis the amendments to the trust is the basis for this complaint. Even if her attorney committed an unauthorized act (which we are unprepared to say), the acts did not conceal her brother's alleged fraud in preventing the two purported amendments from being filed. Because her brother's actions respecting the purported amendments were the gravamen of her action against him, and because she hired the attorney to address them, her attorney's conduct during the litigation did not conceal the brother's conduct or toll the running of the statute.

Plaintiff also asserts she is entitled to an additional three months of tolling of the limitations of actions because of her diagnosis of leukemia. Unfortunately, she cites no decisional or statutory law under which a limitation of actions may be tolled for a health condition such as leukemia. Her physical condition, serious as it may have been, did not toll the running of the statute of limitations.

14

Finally, plaintiff argues that if we conclude that the limitations period were not tolled for eight months, her "abundant evidence of fraud and deceit by two fiduciaries" warrants reversal of the dismissal of her action. Unfortunately, absent a legal basis to disregard the untimeliness of the filing of the complaint, reversal is not an option. A party's desire for personal vindication, without a sound legal basis, is not a valid reason to ignore the important policies reflected in the statutes governing limitations of actions. The statute of limitations bars the action.

d.      *Notwithstanding the Statute of Limitations, the Action Would Be Barred by the Settlement Agreement.*

The demurrer was decided on solely the ground that the action was barred by the applicable statute of limitations. However, defendant also demurred because the settlement agreement released both parties from any claims relating to the subject matter of the action, and the agreement, accompanied by a dismissal with prejudice, bars further litigation on the subject matter covered in the agreement. Although Plaintiff attempts to circumvent the consequence of the settlement by arguing she was forced to agree, and did so only grudgingly or unwillingly, the reporter's transcript of the hearing at which the settlement was memorialized on the record reveals a different image.[7]

---

[7] We cannot ignore the fact that this action against plaintiff's brother was filed only after the entirety of the trust estate had been distributed to the beneficiaries. Respondent points out plaintiff's actions indicate a desire to avoid the effect of the "no contest" clause contained in the trust by waiting until she had received her inheritance before challenging the validity of the trust. There is some merit to that point.

15

In any event, the settlement agreement is binding on both parties to the prior action. To that extent, plaintiff has waived any claims she might have against her brother arising from the KFT. A compromise settlement can be the basis of a final judgment thereby operating as a merger and bar of all preexisting claims and causes of action. (*Rodriguez v. Fireman's Fund Ins. Co*. (1983) 142 Cal.App.3d 46, 54.) "'"'Where the parties to an action settle their dispute and agree to a dismissal, it is a retraxit and amounts to a decision on the merits and as such is a bar to further litigation on the same subject matter between the parties.'"'" (*Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 312, italics omitted, quoting *Datta v. Staab* (1959) 173 Cal.App.2d 613, 621; see also *Rodriguez v. Fireman's Fund Ins. Co*., *supra*, 142 Cal.App.3d at p. 54.)

Here, there were two valid grounds for an order dismissing the action without leave to amend. The trial court correctly sustained the defendant's demurrer without leave to amend.

### DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

16